TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
3219 E. Camelback Rd #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Simran Mudher*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Simran Mudher, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| National Collection Systems, Inc. d/b/a National Credit Management, a Missouri corporation, | **JURY TRIAL DEMAND** |
| Defendant. | |

1

NOW COMES THE PLAINTIFF, SIMRAN MUDHER, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Tempe, Maricopa County, Arizona.

3. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

4. Plaintiff is a natural person residing in Tempe, Maricopa County, Arizona. Ms. Mudher is a "consumer" and "person" as the terms are defined and used in the FDCPA.

5. The Defendant to this lawsuit is National Collection Systems, Inc. d/b/a National Credit Management, which is a Missouri corporation that maintains a registered agent in Phoenix, Maricopa County, Arizona.

## **GENERAL ALLEGATIONS**

6. Defendant is attempting to collect a consumer debt allegedly owed by Plaintiff to Arizona State University in the amount of $25,793.25 ("the alleged Debt").

7. In 2013, Ms. Mudher attended Arizona State University ("ASU").

8. Ms. Mudher had to take a break from school when her father became ill.

9. Ms. Mudher contacted ASU to explain that she would not be able to keep up with the payments and asked about a payment plan. ASU did not respond to Ms. Mudher regarding a payment plan.

10. Ms. Mudher does not know how much she owes since ASU and Defendant National Credit Management refused to send her a breakdown of the alleged Debt.

11. In May 2017, Ms. Mudher was told by Defendant that the alleged Debt totaled between $25-30k, but Plaintiff believes the debt should be closer to $16k.

12. On or about May 18, 2017, Credit Repair Lawyers of America sent a letter to Defendant requesting validation of the alleged Debt.  Further, the letter stated that Ms. Mudher was represented by an attorney and instructed Defendant to cease all communication with her.

13. On or about May 24, 2017, Defendant sent Ms. Mudher a purported validation of the alleged Debt. The validation included the total amount that she owed but not a breakdown of the balance.

14. The purported validation was sent to the name of Ms. Mudher, but sent to the address of Ms. Mudher's father, who received the letter.

15. Ms. Mudher was not a minor at the time the purported validation was sent to her father's address.

16. Defendant did not send the purported validation to Ms. Mudher's attorney.

17. Ms. Mudher has suffered pecuniary and emotional damages as a result of Defendant's actions.

## COUNT I-VIOLATION OF

## THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff reincorporates the preceding allegations by reference.

19. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

20. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

21. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

22. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. § 1692c(a)(2) by communicating with the consumer if the debt collector knows that the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. Defendant violated this provision by sending validation of the alleged Debt to Ms. Mudher after Defendant was notified that she was represented by an attorney.

   b. 15 U.S.C. § 1692c(b) by communicating, in connection with the collection of a debt, with any person other than the consumer.  Defendant violated this provision by mailing the purported validation to Ms. Mudher's father.

23. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

   a. Actual damages;

   b. Statutory damages; and

c. Statutory costs and attorneys' fees.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by Jury.

DATED:  July 6, 2017

                                      KENT LAW OFFICES

                                      By:  */s/  Trinette G. Kent*
                                      Trinette G. Kent
                                      Attorneys for Plaintiff,
                                      Simran Mudher